Daniel Zemel, Esq.
Elizabeth Apostola
Zemel Law LLC
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
T: 862-227-3106
dz@zemellawllc.com
ea@zemellawllc.com

Frank Venis, Esq.
Venis & Copp LLP
205 W. Randolph St. (Suite 2000)
Chicago, IL 60606
(312) 469-0707
venis@venisandcopp.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAMARA S. FRAZIER, individually, and on behalf of other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> EQUIFAX INFORMATION SERVICES LLC, <br><br> Defendant. | Case No.: <br><br><br> CLASS ACTION COMPLAINT |

Plaintiff Tamara S. Frazier hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3.  Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4.  Plaintiff is a natural person who at all relevant times has resided in Chicago, Illinois.

5.  Defendant, Equifax Information Services, LLC ("Equifax"), is a business entity that regularly conducts business in Connecticut with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(F) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

## FACTUAL STATEMENT

6.  On or about 2007, Plaintiff incurred a mortgage obligation to Dovenmuehle Mortgage (acct #3101****).

7.  Over time, Plaintiff had difficulty with the account, and went delinquent.

8.  On or about late 2015 or early 2016, Plaintiff entered into a short sale, and settled the account for less than the full balance.

9.  After that short sale, Plaintiff no longer had any continuing obligation on the debt.

10. Throughout 2020, Equifax has been reporting Plaintiff with historical late payments in 2018 and 2019.

11. Because Plaintiff had paid off the loan years prior, Plaintiff could not have been late in either 2018 or 2019.

12. Throughout 2020, Equifax had knowledge of the fact that the loan had been settled in full years earlier than 2018, but Equifax continued to report Plaintiff with specific late payments.

13. Equifax's clearly erroneous reporting, with knowledge of the error, demonstrates a clear lack of reasonable procedures to ensure the maximum possible accuracy as required by law.

14. In September and October of 2020, Plaintiff disputed the account with Equifax by mail.

15. Equifax failed to conduct a reasonable investigation and continued reporting Plaintiff as late on numerous occasions after the debt had been satisfied.

16. The reporting of inaccurate late payments is of major significance. Additional late payments in a consumer's credit file significantly impact the consumer's score. Additional late payments in a consumer's credit file significantly impact the consumer's eligibility to obtain credit, as many lending models require a consumer not be late during a period before the application. Erroneous late reporting therefore makes the consumer miss out on many loan opportunities.

17. Equifax's error has prevented Plaintiff from obtaining credit, and caused Plaintiff to refrain from applying for credit.

## CLASS ACTION ALLEGATIONS

### The Class

18. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23. Plaintiff seeks to represent a class for purposes of liability and statutory damages only. Plaintiff does not seek actual damages for the classes.

19. Plaintiff seeks certification of the following classes, initially defined as follows:

> Class A: All natural persons residing within the United States, beginning five years prior to the filing of this Complaint, for whom Equifax credit reported late payment history after the account had already been settled.

Class B: All natural persons residing within the United States, whose Equifax credit reports reported late payment history after the account had already been settled, for whom Equifax received a dispute, and for whom Equifax continued to report, after reinvestigation of said dispute, late payment history after the account had already been settled.

### Numerosity

20. Upon information and belief, Equifax credit reports contain inaccurate late payment information for hundreds, if not thousands, of consumers throughout the United States, each of which violates the FCRA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from the records of Equifax. This class is particularly ascertainable given the fact that the nature of the claim is obvious on the face of any credit report.

### Common Questions of Law and Fact

22. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Equifax violated various provisions of the FCRA; (ii) whether the Plaintiff and the Classes have been injured by the conduct of Equifax; (iii) whether the Plaintiff and the Classes have sustained damages and are entitled to restitution as a result of Equifax's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Classes are entitled to declaratory and/or injunctive relief.

### Typicality

23. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the common uniform course of conduct complained of herein: Plaintiff and each member of the class have obviously inaccurate late payments on their credit files. Accordingly, Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

### Protecting the Interests of the Class Members

24. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

26. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

27. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

29. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff's Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is appropriate in that prosecuting separate actions against any of the named Defendants concerning their failure to maintain adequate policies to comply with the FCRA could result in inconsistent or varying adjudications with respect to individual class members, and would result in adjudications that would impair or impede their ability to protect their interests.

31. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. Absent a class action, the members of the Classes will continue to suffer losses borne from Equifax's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling Equifax's conduct to proceed and harm consumers.

34. Equifax has acted, and will act, on grounds generally applicable to the Classes, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## AS TO EQUIFAX

35. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

36. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

37. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

38. Specifically, by allowing late payments to report years after knowing the account had been settled, Equifax failed to maintain adequate procedure to ensure accuracy.

39. Equifax negligently and willfully failed to reinvestigate Plaintiff's disputes in violation of 15 U.S.C. § 1681i. Had it done so, it would have stopped reporting late payments on a settled debt.

40. Equifax's conduct, action and inaction was willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Tamara S. Frazier, respectfully requests that this Court do the following for the benefit of Plaintiff:

A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for punitive and statutory damages pursuant to the FCRA;

C. Enter judgment against Defendant for actual damages pursuant to the FCRA;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

41. Plaintiff demands a jury trial on all issues so triable.

Dated this 6th of November 2020.

Respectfully Submitted,

/S/ Daniel Zemel, Esq.
Daniel Zemel
Elizabeth Apostola
**Zemel Law LLC**
1373 Broad St., Suite 203-C
Clifton, New Jersey 07013
(P) (862) 227-3106
dz@zemellawllc.com

/s/ Frank Venis
Frank Venis, Esq.
Venis & Copp LLP
205 W. Randolph St. (Suite 2000)
Chicago, IL 60606
(312) 469-0707
venis@venisandcopp.com

Attorneys for Plaintiff