**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TAMARA S. FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:20-cv-06725 |
| v. | ) | |
| | ) | Honorable Harry D. Leinenweber |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S STATEMENT OF**
**UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1(A)(2)**

Pursuant to Local Rule 56.1(a)(2), and in support of its Motion for Summary Judgment and

Memorandum in Support, filed concurrently herewith, Defendant Equifax Information Services,

LLC ("Equifax") hereby submits the following Statement of Undisputed Material Facts[1]:

**The Parties**

1. Plaintiff Tamara Frazier ("Plaintiff" or "Frazier") is a natural person and a resident

of Illinois. Compl. ¶ 4.

2. Plaintiff is a consumer as defined in 15 U.S.C. § 1681a(c).

3. Defendant Equifax Information Services, LLC ("Equifax") is a business entity with

its principal place of business in Atlanta, Georgia. Compl. ¶ 5.

4. Equifax is a consumer reporting agency ("CRA") as defined in 15 U.S.C.

§ 1681a(f). As such, Equifax "regularly engages . . . in the practice of assembling or evaluating

---

[1] Exhibits containing information relating to accounts in Plaintiff's credit file other than the DMI account
have been redacted or pared down so as to only show pages relating to the DMI account.

consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]"

5.      Equifax relies on furnishers of credit information to report credit information to Equifax using the formatting provided by the Credit Reporting Resource Guide ("CRRG") to ensure that Equifax's credit files are accurate and up to date. Ex. A (Willis Dep.) at 158:10-14, 172:20-23.

6.      If a consumer thinks that information on her credit file is inaccurate, she may initiate a dispute with Equifax by sending a dispute letter, triggering a process called "reinvestigation." Ex. A (Willis Dep.) at 9:18-19.

7.      Upon receipt of a dispute letter, Equifax then contacts the furnisher of the disputed information to verify the accuracy of its reporting through the Automated Consumer Dispute Verification ("ACDV") process. Ex. A (Willis Dep.) at 73:11-14.

8.      The furnisher is then required to review and investigate the disputed item. 15 U.S.C. § 1681s-2(b)(1)(A). If the furnisher concludes that the disputed item is inaccurate or incomplete, or if the item cannot be verified, the furnisher must modify the item, delete the item, or permanently block the item from reporting, and report those results back to all CRAs. 15 U.S.C. § 1681s-2(b)(1)(D)-(E).

9.      Upon receipt of a completed ACDV, Equifax provides a dispute reinvestigation results letter to the consumer, which indicates whether any information in the consumer's credit file was updated or deleted as a result of the reinvestigation. Ex. A (Willis Dep.) at 215:11-14.

2

## Jurisdiction & Venue

10.     Plaintiff alleges that Equifax violated the Fair Credit Reporting Act ("FCRA," 15 U.S.C. § 1681 *et seq.*), a federal statute. This Court has subject matter jurisdiction over claims arising under the FCRA pursuant to 28 U.S.C. § 1331.

11.     Equifax answered Plaintiff's Complaint on January 20, 2021, thereby submitting to this Court's jurisdiction and waiving any venue challenges. Dkt. 9.

## History of Plaintiff's Dovenmuehle Mortgage

12.     In 2007, Plaintiff Tamara Frazier ("Plaintiff") incurred a second mortgage with Neighborhood Lending Services ("NLS") on a multi-family property she owned. Ex. B (Frazier Dep.) at 29:1-4, 30:6.

13.     Frazier bought the property subject to the NLS mortgage as an investment. Ex. B (Frazier Dep.) at 30:21-31:3.

14.     Dovenmuehle Mortgage, Inc. ("Dovenmuehle") is the sub-servicer of Plaintiff's NLS mortgage, and the NLS mortgage is the same mortgage that Equifax reported as belonging to Dovenmuehle. Ex. B (Frazier Dep.) at 28:14-16.

15.     In January 2016, after falling behind on her payments, Plaintiff sold the property at a preforeclosure sale, which was approved by NLS. Ex. C (Frazier Ex. 1).

16.     Following the preforeclosure sale, NLS informed Plaintiff that the mortgage "will be reported to the credit bureau[s] as 'Settled in full for less than total payoff.'" Ex. C (Frazier Ex. 1).

**Plaintiff's Relevant Dispute History**

17.     Plaintiff testified at her deposition that, in 2020, she began working with a credit repair organization called Credit Nerds to "educate [her] on the Fair Credit Reporting Act[.]" Ex. B (Frazier Dep.) at 7:13-19, 11:16-21, 46:25-57:3.

*I.      September 23, 2018 Dispute and Reinvestigation*

18.     On September 23, 2018, Plaintiff sent a letter to Equifax requesting that it "investigate[] and correct[]" several accounts and remove the accounts "from all current and future reports." Ex. D (EIS-FRAZIER-PROD-000377).

19.     The letter listed 15 total accounts, including Plaintiff's NLS/Dovenmuehle account, in addition to Plaintiff's Chapter 7 bankruptcy. Ex. D (EIS-FRAZIER-PROD-000377).

20.     Upon receipt of the September 23, 2018 letter, which Equifax assigned the Dispute Code 053 ("Consumer states inaccurate information. Provide or confirm complete ID . . . ."), Equifax sent an ACDV to Dovenmuehle. Ex. E (EIS-FRAZIER-PROD-000345 to 348).

21.     Dovenmuehle responded to the September 23, 2018 letter by providing several narrative codes, including codes indicating that the account was "closed or paid" with a zero balance, that "account paid for less than full balance," and that the account was a second mortgage. Dovenmuehle additionally indicated that the current balance, amount past due, scheduled monthly payment, and actual payment were $0, the last payment date was October 2015, and the closed date was January 2016. Dovenmuehle also provided a "Payment Rating" of 3, signifying that Plaintiff's mortgage was "90 to 119 days past due date." Ex. E (EIS-FRAZIER-PROD-000345 to 348).

22.     On October 22, 2018, Equifax sent a letter to Plaintiff confirming that it had completed its reinvestigation of her dispute. Ex. F (EIS-FRAZIER-PROD-000384 to 405).

23.     In the October 22, 2018 letter, Equifax informed Plaintiff that her Dovenmuehle mortgage had been reported with a $0 balance, $0 actual payment amount, and $0 scheduled payment amount, as well as a date of last payment of October 2015, a date of first delinquency of October 2015, and a closed date of January 2016. The Account Status was "90 to 119 days past due," and the Additional Information section included statements that the account was "Closed or Paid Account/Zero Balance," and "Account Paid For Less Than Full Balance." Ex. F (EIS-FRAZIER-PROD-000389 to 405).

II.     *November 8, 2018 Dispute and Reinvestigation*

24.     On November 8, 2018, Plaintiff sent a letter to Equifax requesting that it "reinvestigate these accounts, and remove them from [her] credit report." Ex. G (FRAZIER-EIS-PROD-000755).

25.     The letter listed ten accounts, including Plaintiff's NLS/Dovenmuehle account, as well as Plaintiff's Chapter 7 bankruptcy. Ex. G (FRAZIER-EIS-PROD-000755).

26.     Upon receipt of the November 8, 2018 letter, which Equifax assigned the Dispute Code 053 ("Consumer states inaccurate information. Provide or confirm complete ID . . . ."), Equifax sent an ACDV to Dovenmuehle. Ex. H (EIS-FRAZIER-PROD-000735 to 738).

27.     Dovenmuehle responded to the November 8, 2018 letter by providing several narrative codes, including codes indicating that the account was "closed or paid" with a zero balance, that "account paid for less than full balance," and that the account was a second mortgage. Dovenmuehle additionally indicated that the current balance, amount past due, scheduled monthly payment, and actual payment were $0, the last payment date was September 2015, and the closed date was January 2016. Dovenmuehle also provided a "Payment Rating" of 3, signifying that

Plaintiff's mortgage was "90 to 119 days past due date." Ex. H (EIS-FRAZIER-PROD-000735 to 738).

28.     On December 3, 2018, Equifax sent a letter to Plaintiff confirming that it had completed its reinvestigation of her dispute. Ex. I (EIS-FRAZIER-PROD-000762 to 767).

29.     In the December 3, 2018 letter, Equifax informed Plaintiff that her Dovenmuehle mortgage had been reported with a $0 balance, $0 actual payment amount, and $0 scheduled payment amount, as well as a date of last payment of September 2015, a date of first delinquency of October 2015, and a closed date of January 2016. The Account Status was "90 to 119 days past due," and the Additional Information section included a statement that "Account Paid For Less Than Full Balance." Ex. I (EIS-FRAZIER-PROD-000767).

III.    *September 30, 2019 Dispute and Reinvestigation*

30.     On September 30, 2019, Plaintiff sent a letter to Equifax requesting that it "REINVESTIGATE" several accounts and "clear them from [her] record." Ex. J (EIS-FRAZIER-PROD-001268).

31.     The letter listed seven accounts, including Plaintiff's NLS/Dovenmuehle account, in addition to Plaintiff's Chapter 7 bankruptcy. Ex. J (EIS-FRAZIER-PROD-001268).

32.     Upon receipt of the September 30, 2019 letter, which Equifax assigned the Dispute Code 053 ("Consumer states inaccurate information. Provide or confirm complete ID . . . ."), Equifax sent an ACDV to Dovenmuehle. Ex. K (EIS-FRAZIER-PROD-001246 to 1249).

33.     Dovenmuehle responded to the September 30, 2019 letter by providing several narrative codes, including codes indicating that the account was "closed or paid" with a zero balance, that "account paid for less than full balance," and that the account was a second mortgage. Dovenmuehle additionally indicated that the current balance, amount past due, scheduled monthly

payment, and actual payment were $0, the last payment date was September 2015, and the closed date was January 2016. Dovenmuehle also provided a "Payment Rating" of 3, signifying that Plaintiff's mortgage was "90 to 119 days past due date." Ex. K (EIS-FRAZIER-PROD-001246 to 1249).

34.     On October 26, 2019, Equifax sent a letter to Plaintiff confirming that it had completed its reinvestigation of her dispute. Ex. L (EIS-FRAZIER-PROD-001272 to 1275).

35.     In the October 26, 2019 letter, Equifax informed Plaintiff that her Dovenmuehle mortgage had been reported with a $0 balance, $0 actual payment amount, and $0 scheduled payment amount, as well as a date of last payment of September 2015, a date of first delinquency of October 2015, and a closed date of January 2016. The Account Status was "90 to 119 days past due," and the Additional Information section included a statement that "Account Paid For Less Than Full Balance." Ex. L (EIS-FRAZIER-PROD-001275).

IV.     *November 12, 2019 Dispute*

36.     On November 12, 2019, Plaintiff sent a letter to Equifax requesting that it "verify the following accounts" and provide her "with a copy of an updated and corrected credit report showing that these items have been deleted." Ex. M (EIS-FRAZIER-PROD-001351 to 1352).

37.     The letter listed four accounts, including Plaintiff's NLS/Dovenmuehle account, in addition to Plaintiff's Chapter 7 bankruptcy. Ex. M (EIS-FRAZIER-PROD-001351 to 1352).

38.     Upon receipt of the November 12, 2019 letter, which Equifax assigned the Dispute Code 053 ("Consumer states inaccurate information. Provide or confirm complete ID . . . ."), Equifax sent an ACDV to Dovenmuehle. Ex. N (EIS-FRAZIER-PROD-001323 to 1326).

39.     Dovenmuehle responded to the November 12, 2019 letter by providing several narrative codes, including codes indicating that the account was "closed or paid" with a zero

7

balance, that "account paid for less than full balance," and that the account was a second mortgage. Dovenmuehle additionally indicated that the current balance, amount past due, scheduled monthly payment, and actual payment were $0, the last payment date was September 2015, and the closed date was January 2016. Dovenmuehle also provided a "Payment Rating" of 3, signifying that Plaintiff's mortgage was "90 to 119 days past due date." Ex. N (EIS-FRAZIER-PROD-001323 to 1326).

40.     On December 10, 2019, Equifax sent a letter to Plaintiff confirming that it had completed its reinvestigation of her dispute. Ex. O (EIS-FRAZIER-PROD-001357 to 13136368).

41.     In the December 10, 2019 letter, Equifax informed Plaintiff that her Dovenmuehle mortgage had been reported with a $0 balance, $0 actual payment amount, and $0 scheduled payment amount, as well as a date of last payment of September 2015, a date of first delinquency of October 2015, and a closed date of January 2016. The Account Status was "90 to 119 days past due," and the Additional Information section included a statement that "Account Paid For Less Than Full Balance." Ex. O (EIS-FRAZIER-PROD-001363).

*V.     July 2, 2020 Dispute, Reinvestigation, and Withdrawal*

42.     On July 2, 2020, Plaintiff sent a letter to Equifax requesting that it "investigate and erase" the Dovenmuehle account from her credit file, because she believed the account was "displaying the incorrect status. It states that the entry is presently past due, but it cannot be late. The balance clearly shows $0." Ex. P (EIS-FRAZIER-PROD-001440).

43.     Upon receipt of the July 2, 2020 letter, which Equifax assigned the Dispute Code 007 ("disputes present/previous account status/payment rating/account history"), Equifax sent an ACDV to Dovenmuehle. Ex. Q (EIS-FRAZIER-PROD-001436 to 1439).

44.     Dovenmuehle responded to the July 2, 2020 letter by providing several narrative codes, including codes indicating that "consumer disputes – reinvestigation in process," that "account paid for less than full balance," and that the account had been "closed or paid." Dovenmuehle additionally indicated that the current balance, amount past due, and actual payment were $0, the last payment date was September 2015, and the closed date was January 2016. Dovenmuehle also provided a "Payment Rating" of 3, signifying that Plaintiff's mortgage was "90 to 119 days past due date." Ex. Q (EIS-FRAZIER-PROD-001436).

45.     On July 24, 2020, Equifax sent a letter to Plaintiff confirming that it had completed its reinvestigation of her dispute. Ex. R (EIS-FRAZIER-PROD-001445 to 1448).

46.     In the July 24, 2020 letter, Equifax informed Plaintiff that her Dovenmuehle mortgage had been reported with a $0 balance, $0 actual payment amount, $0 scheduled payment amount, $0 charge off amount, and $0 balloon pay amount, as well as a date of last payment of September 2015, a date of first delinquency of October 2015, and a closed date of January 2016. The Account Status was "90 to 119 days past due," and the Additional Information section included the statement that "Account Paid For Less Than Full Balance." Ex. R (EIS-FRAZIER-PROD-001448).

47.     On August 27, 2020, Plaintiff sent a letter to Equifax, in which she informed Equifax that she "no longer wish[ed] to dispute" eight separate accounts in her credit file, including the Dovenmuehle/NLS account and Plaintiff's Chapter 7 bankruptcy. Ex. S (Frazier Ex. 9).

VI.     *September 15, 2020 Dispute and Reinvestigation*

48.     On September 15, 2020, Plaintiff sent a letter to Equifax, in which she disputed its reporting of the Dovenmuehle mortgage because "[t]his account has been closed and satisfied since 2016. The late payments in 2019 and 2020 aren't correct." Ex. T (EIS-FRAZIER-PROD-001833).

49.     Upon receipt of the September 15, 2020 letter, which Equifax assigned the Dispute Code 007 ("disputes present/previous account statement/payment rating/account history"), Equifax sent an ACDV to Dovenmuehle. Ex. U (EIS-FRAZIER-PROD-001829 to 1832).

50.     Dovenmuehle responded to the September 15, 2020 dispute by updating Plaintiff's account information. Specifically, Dovenmuehle provided several narrative codes, including codes indicating that "consumer disputes – reinvestigation in process" and "account paid for less than full balance." Dovenmuehle additionally indicated that the current balance, amount past due, and actual payment were $0, the last payment date was September 2015, and the closed date was January 2016. Dovenmuehle also provided a "Payment Rating" of 3, signifying that Plaintiff's mortgage was "90 to 119 days past due date." Ex. U (EIS-FRAZIER-PROD-001829).

51.     On October 10, 2020, Equifax informed Plaintiff that her Dovenmuehle mortgage had been reported with a $0 balance and $0 actual payment amount, as well as a date of last payment of September 2015, a date of first delinquency of October 2015, and a closed date of January 2016. The Account Status was "90 to 119 days past due," and the Additional Information section included the statement that "Account Paid For Less Than Full Balance." Ex. V (EIS-FRAZIER-PROD-001838 to 1843).

**Plaintiff's Alleged Damages**

52.     Plaintiff claims that she was denied a mortgage and lost time in pursuing a mortgage as a result of Equifax's allegedly inaccurate reporting. Ex. B (Frazier Dep.) at 98:21-99:7.

53.     In 2020, Plaintiff applied for a mortgage with Mutual Federal Bank. Ex. W, Plaintiff's Response to Interrogatory No. 6.

54.     As part of the loan approval process, Mutual Federal Bank procured a copy of Plaintiff's credit report from CreditLink, dated September 10, 2020. Ex. X (Frazier Ex. 13).

55.     CreditLink is a third-party company that aggregates credit information from multiple sources—including all three of the major credit reporting agencies—and compiles that information into reports that are primarily used by mortgage lenders and landlords. Ex. B (Frazier Dep.) at 85:11-12; Ex. Y, *About*, CREDITLINK, https://creditlink.com/#about (last visited Sept. 29, 2022).

56.     In that September 10, 2020 CreditLink report, Plaintiff's Dovenmuehle mortgage was reported as "settled" and "account paid for less than full balance" with a $0 payment, a $0 balance, and $0 past due. The report also indicated that the date of last activity for the Dovenmuehle mortgage was October 2015 and that the account had a status of 90 days past due for various months in the last two years. Ex. X (Frazier Ex. 13) at 6.

57.     The information that Equifax allegedly provided to Mutual Federal Bank by way of the CreditLink report was the same information that Dovenmuehle furnished to Equifax and then repeatedly confirmed in response to each of Plaintiff's dispute letters. Ex. Z (composite exhibit at EIS-FRAZIER-PROD-3265).

58.     On or about September 22, 2020, Mutual Federal Bank sent Plaintiff a document titled "Statement of Credit Denial, Termination, or Change." Ex. AA (MFB_0000001 to 004).

59.     Under a section titled "Principal Reason(s) for Credit Denial, Termination, or Other Action Taken," Mutual Federal Bank had marked boxes for "Excessive obligations" and "Insufficient income for total obligations." Ex. AA.

60.     Though one of the options that Mutual Federal Bank could have marked was "Unacceptable payment record on previous mortgage," that box was left unmarked. *Id.*

61.     The document also reflected Plaintiff's credit scores from Experian, Transunion, and Equifax, as well as "key factors that adversely affected" Plaintiff's credit score with each of those three agencies." Ex. AA (MFB_0000003 to 004).

62.     One of the "key factors" for each agency was "Serious Delinquency." Ex. AA.

63.     The credit score reported by Equifax was 696, which was higher than the scores reported by Experian (684) and Transunion (659). Ex. AA (MFB_0000003 to 004).

64.     Mr. David Holmes, Plaintiff's loan officer, testified that Plaintiff's mortgage was denied because of her debt-to-income ratio. Ex. BB (Holmes Dep.) at 63:19; *see also id.* at 98:18-22.

65.     Mr. Holmes also testified that, based on Plaintiff's credit report, he understood that "Ms. Frazier settled her [Dovenmuehle] account for less than the full balance in or around October of 2015[.]" Ex. BB (Holmes Dep.) at 101:12-19; *see also id.* 102:10-11.

66.     Plaintiff claims that, as a result of being denied a mortgage, she has suffered humiliation, stress, headaches, lack of sleep, frustration, and helplessness. Ex. B (Frazier Dep.) at 99:8-24; Ex. W (Plaintiff's Response to Interrogatory No. 10).

67.     Plaintiff never sought medical intervention or diagnosis in connection with her alleged emotional distress damages. Ex. B (Frazier Dep.) at 100:1-7.

**Equifax's Relevant Procedures**

68.     Equifax, as a credit reporting agency, relies on furnishers to report information, whether independently or in response to a dispute, to ensure that its credit reports are accurate and up-to-date. Ex. A (Willis Dep.) at 158:10-14, 172:20-23.

69.     Consumers can inform Equifax of information on their credit reports that they believe to be inaccurate by sending a dispute letter, which triggers a process called "reinvestigation." Ex. A (Willis Dep.) at 9:18-19.

70.     Upon receipt of a dispute letter, Equifax contacts the furnisher to verify the accuracy of its reporting through the Automated Consumer Dispute Verification ("ACDV") process. Ex. A (Willis Dep.) at 73:11-14.

71.     Equifax also provides the furnisher with a scanned copy of the dispute letter Equifax received from the consumer. Ex. A (Willis Dep.) at 79:17-80:14.

72.     The letter also includes a statement that a consumer may contact the furnisher if he or she does not agree with the results of the reinvestigation. Ex. V (EIS-FRAZIER-PROD-001838 to 1843) at 2.

**Plaintiff's Lawsuit Against Dovenmuehle**

73.     Plaintiff filed a separate lawsuit against Dovenmuehle, her mortgage servicer, in this District on November 12, 2020. *Frazier v. Dovenmuehle Mortgage, Inc.*, No. 1:20-cv-06721, Dkt. 1 (N.D. Ill. Nov. 12, 2020) ("Dovenmuehle Lawsuit").

74.     The Dovenmuehle Lawsuit and the instant lawsuit arise from the same set of facts and seek to recover for the same damages. Specifically, in the Dovenmuehle Lawsuit Plaintiff alleges that: (1) She incurred a mortgage obligation with Dovenmuehle in 2007 but became delinquent on the account; (2) In 2016, she entered into a short sale on the loan, settled the account

13

for less than the full balance, and claims that she no longer had any obligation on the loan; (3) Plaintiff disputed Dovenmuehle's inaccurate reporting of the loan with "historical late payments in 2018 and 2019" with Equifax, but that Dovenmuehle did not conduct a reasonable investigation and continued to inaccurately report her loan to Equifax and Trans Union; and (4), That this reporting caused her to be denied a loan from Mutual Federal Bank. Dovenmuehle Lawsuit Dkt. 1, ¶¶ 6-15; Dovenmuehle Lawsuit Dkt. 68 (Plaintiff's Opposition to Dovenmuehle's Motion for Summary Judgment) at 2-3, 9.

75.    In August 2022, Judge Feinerman granted Dovenmuehle's motion for summary judgment against Plaintiff, concluding that the information Dovenmuehle had reported was accurate. *Frazier v. Dovenmuehle Mortgage, Inc.*, No. 1:20-cv-06721, 2022 WL 3445801, at *3-4 (N.D. Ill. Aug. 17, 2022).

76.    The information that Equifax allegedly reported concerning Plaintiff's Dovenmuehle mortgage was the same information that Dovenmuehle furnished to Equifax and then confirmed in response to Plaintiff's dispute letters. Ex Z (composite exhibit comparing Dovenmuehle's ACDVs with Equifax's internal records).

Respectfully submitted this 3rd day of October 2022.

**KING & SPALDING LLP**

By: */s/ Rachael M. Trummel*

Rachael M. Trummel (ARDC # 6274278)
110 N. Wacker Drive, Suite 3800
Chicago, IL 60606
Ph.: (312) 764-6922
Fax: (312) 995-6330
Email: rtrummel@kslaw.com

Zachary A. McEntyre (admitted *pro hac vice*)
James Matthew Brigman (admitted *pro hac vice*)
1180 Peachtree Street NE

14

Atlanta, GA 30309
Ph.: (404) 572-4600
Fax: (404) 572-5100
Email: zmcentyre@kslaw.com
Email: mbrigman@kslaw.com

*Counsel for Defendant*
*Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2022, a copy of the foregoing was electronically served on all counsel of record via the Court's ECF filing system.

*/s/ Rachael M. Trummel*
Rachael M. Trummel