IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMARA S. FRAZIER, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES LLC, <br><br> Defendant. | Case No. 20 C 6725 <br><br> Judge Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

This Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "Act"), case is brought by a former mortgagee against Equifax Information Services, LLC ("Equifax"), a consumer reporting agency as defined in the Act. The Plaintiff contends that Equifax falsely reported her having "historic late payments in 2018 and 2019," even though the mortgage debt had been settled with the mortgage holder in 2016 by a "short sale" in lieu of foreclosure. She further alleges that she sent Equifax a dispute letter which required Equifax to conduct an investigation to verify the accuracy of the report, but that Equifax refused to correct the record. She further contends that the failure to correct the report resulted in her being denied credit.

According to the parties' Rule 56 Statements of Facts, Plaintiff incurred a second mortgage on certain investment property she owned with Neighborhood Lending Services ("NLS") which was serviced by Dovenmuehle Mortgage, Inc. ("DMI"). In 2016, she fell behind in her mortgage payments and sold the property with the mortgagor's permission at a pre-foreclosure (short) sale. A short sale, if agreed to by the mortgage holder, is an option that allows for a borrower to avoid a costly foreclosure and a balance due on the mortgage, if the amount owed is greater than the value of the property. NLS agreed to the short sale, but informed Plaintiff that the mortgage "will be reported to the credit bureau(s) 'settled in full for less than total payoff.'"

In September 2018, Plaintiff sent a letter to Equifax requesting that "it investigate and correct" several of her accounts, including the report from DMI that she was "at least 90 or more days late on her mortgage payments even though her mortgage debt was extinguished through the short sale." Equifax responded to her letter by sending an Automated Consumer Dispute Verification ("ACDV") to DMI. DMI responded to the ACDV providing several narrative codes, including codes indicating that the account was "closed or paid" with a zero balance, and the "account paid for less than full balance." In addition, DMI affirmed that the current balance, amount past due, scheduled monthly payments and

actual payment were "$0," that the last payment date was October 2015, and the closed date was January 2016. DMI also advised that her "payment rating" was 3, which meant that Plaintiff's mortgage was "90 to 119 days past due date."

Equifax responded to Plaintiff in October 2018, informing her that DMI had answered the ACDV and had reported that the mortgage had a $0 balance, a $0 actual payment amount, a $0 scheduled payment amount, the last payment was made in September 2015, the date of first delinquency was October 2015, the closed date was January 2016, the account status was 90 to 119 days past due, and the "Account paid for less than full balance." Plaintiff claims that she attempted to obtain credit from Mutual Credit Bank but was turned down due to "Excessive Credit and Insufficient Income for total obligations."

Plaintiff contends that Equifax' report that "she was at least 90 days late" on her mortgage payments even though her mortgage debt had been extinguished thorough the short sale, is obviously erroneous. She could not be late on her mortgage payment because none was owed. Equifax answers asserting that owing nothing currently does not discredit the statements that she was historically 90 days late in her mortgage payments and the mortgage holder had accepted less than the amount owned.

## II. LEGAL STANDARD

Summary judgment is appropriate if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The relevant substantive law governs whether a fact is material. *Id.* When reviewing the record on a summary judgment motion, the Court must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). If, however, the factual record cannot support a rational trier of fact to find for the nonmoving party, summary judgment is appropriate. *Id.* at 380.

## III. DISCUSSION

### A. FCRA Violation

"Equifax cannot be liable as a threshold matter if it did not report inaccurate information." *Walton v. BMO Harris Bank NA,* 751 F.3d App'x 589, 591 (7th Cir. 2019). Equifax maintains that every fact it reported was accurate. Plaintiff was at least 90 days delinquent in her mortgage payments at the time of the short sale and the mortgage holder received less than the balance owned. Equifax accurately reported the "current" balance owed on her mortgage was $0. The report also accurately showed payments due

of $0. Plaintiff contends that the report showing payments being overdue is inaccurate and misleading because she owed nothing. Therefore, this inaccuracy and the failure to amend violates FCRA.

Equifax cites a number of cases that support its position, including *Bibbs v. TransUnion, LLC*, 43 F.4th 331 (3rd Cir. 2022); *McAlister v. Equifax Info. Services, LLC,* 2022 WL 3716535 (S.D. Ind. Aug. 28, 2022); *Gross v. Private National Mortgage Acceptance,* 512 F.Supp.3d 423 (E.D.N.Y. 2021); and Plaintiff's own case against DMI, *Frazier v. DMI,* 2022 WL 3445801 (N.D. Ill. Aug. 17, 2022). These cases all stand for the proposition that a report of a current balance due of zero, together with a report that the account was delinquent when closed, do not violate FCRA. *Bibbs* and *McAlister* involved student loans with delinquent payments at the time they were transferred to another lender that were reported to the transferor lender as zero balance and payments overdue. *Gross* and Frazier's own case involved mortgage loans that were terminated with zero balance due and payments overdue. These court decisions all hold that information disclosed on credit reports must be read in their entirety, and to prove a violation of FCRA one cannot merely rely on a single fact that when taken out of context could be arguably misleading. "Payments more than 90 days overdue" could well be interpreted in isolation to say that loan payments are currently overdue. However, "a reasonable reader" (*see Bibbs,* 43

F.4th at 342) would understand that "payments more than 90 days overdue" accompanied by the statement that the balance owed was $0, means that there are no payments currently delinquent.

As Judge Gary Feinerman pointed out in Frazier's case against BMI, the information furnished and reported by Equifax – that her account with BMI was closed through a foreclosure sale which left a balance owed of $0, but at the time of closure the account was 90 days past due and that the account was paid off for less than the remaining – was all true. While Frazier's suit against BMI was a suit against a furnisher, *Bibb* was a suit against a credit reporting agency ("CRA"), like Equifax.

One of the purposes for credit reporting and for CRAs to exist is to gather and publish information that is relevant for extension of credit to borrowers. Of course, inaccurate information can harm the credit rating of borrowers and make obtaining credit more difficult and costly. The other side of the coin, however, is that inaccurate information as to credit worthiness of the proposed borrower is important to the lender because inaccurate information can lead to default and non-payment. When evaluating the credit worthiness of Plaintiff, it would be important to know that she had a delinquent payment history which caused a previous lender to lose money on a mortgage loan.

Since there was no inaccuracy in Equifax' report, it is entitled to summary judgment.

### B. Testimony of Alex King

In support of plaintiff's claim for damages as a result of the alleged FCRA violation, plaintiff proposed to call Alex King who purports to be an expert in mortgage banking. Equifax has filed a Motion to exclude his testimony and report as alleged to be in violation of Rule 703 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Since the court has decided that there was no FCRA violation, the Motion is moot.

### IV. CONCLUSION

For the reasons stated herein, the Motion of Equifax for summary judgment is granted and its Motion to Exclude the testimony of Alex King is denied as moot.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
Harry D. Leinenweber, Judge
United States District Court

Dated: 6/22/2023